# H. C. GOODSPEED, RESPONDENT, v. THE WASATCH SILVER LEAD WORKS, APPELLANT.

1. NON-JOINDER OF PARTIES AS DEFENSE.—G., a manager and part owner of a mining claim, sold to defendant certain ores extracted from the mine. In an action brought by G. for the price of the ore, defendant plead non-joinder of parties plaintiff, and alleging who were the true owners of the ore. On the trial defendant offered to show who were the real owners, whereupon the testimony was excluded. *Held*, That this ruling was error, and that defendant was entitled to sustain his plea of non-joinder by competent proof. *Held, further*, That in the face of such plea plaintiff, neither as part owner of the mine or as manager thereof, was entitled to maintain an action to recover the price of ores extracted therefrom, in his own name.

2. BOOK ENTRIES NOT PROOF OF SALE, ETC.—To make a book of entries admissible for any purpose, it should not only have been shown to have contained the original entry of the party, but also to have been an account of his daily transactions, otherwise the entry will be simply a memorandum made by the party, to which he might refer to refresh his recollection but ought not to be permitted as evidence to the court or jury in any sense.

3. GROUNDS OF NON-SUIT.—A non-joinder of parties plaintiff is a good ground of non-suit.

Appeal from the Third Judicial District Court.
The facts appear in the opinion.

*Tilford & Hagan*, for appellant.

It scarcely requires the citation of authorities to show that memoranda or entries by plaintiff in his own account book. could not be used as evidence in his favor to show a sale to defendant. Wharton on Agents, pp. 459, 460; 1 Halsted on Ev. p. 325, § 91; *Soper* v. *Veazie*, 31 Me. 122.

The plea of non-joinder of parties plaintiff operates, under the proofs, to defeat the plaintiff's action. He certainly has no legal capacity to sue upon the contract according to his own evidence. Cases, *Whitney* v. *Stark*, 8 Cal. 516; *Lineker* v. *Ayeshford*, 1 Cal. 75; 1 Van Sandtvoord's Pl., pp. 128–9, 98–125, 124–130, 131–4. Exceptions, see § 78, C. C. P. of Cal.; 3 Cal. 267–465; 37 Cal. 183; *Swift* v. *Swift*, 46 Cal. 267; *Tinkum* v. *O'Neal*, 5 Nev. 95; *Mexican Mill* v. *Yellow Jacket*, 4 Nev. 40; *McKenzie* v. *Amoroux*, 11 Barb. (S. C.) 516; *Bennett* v. *Scott*, 1 Cranch. (C. Ct.) 339; The A. Cheeseborough, 3 Blatchf. (C. Ct.) 305; *Farin* v. *Tesson*, 1 Black. 309.

Goodspeed, as " manager," could not maintain an action in his own name, upon a contract made for the Reed & Benson co-partnership. *Goodenow* v. *Ewer*, 16 Cal. 471; *Abel* v. *Love*, 17 Cal. 237.

The motion for a non-suit should have been granted. Evidence as to who were interested in the event of the suit should have been admitted. *S. F. & P. Canal Co.* v. *Snow*, 49 Cal. 155; *Whitney* v. *Stark*, 8 Cal. 516; *Rowe* v. *Bacigolupi*, 21 Cal. 634; *Sweet* v. *Tuttle*, 4 Kern, 468; *Wooster* v. *Chamberlain*, 28 Barb. 602; Pr. Act, § 150, §§ 17, 12, 4, 44.

*Robertson & McBride*, for respondent.
Respondent argued the case orally, and has no brief on file.

EMERSON, J., delivered the opinion of the court:
This is an action brought to recover the price of a lot of

ore from the Reed & Benson mine, claimed to have been sold by plaintiff to defendant.

The defendant answered, denying the sale to it of any ores, and further setting up in the answer that the ore, for the price of which plaintiff sought to recover in this action, was not the individual property of the plaintiff, and was the property of the owners of the Reed & Benson mine, giving their names. That these parties as co-partners, held and owned this cause of action; that they were still living; claiming a non-joinder or defect of parties plaintiff.

The case was referred by consent; a trial had before a referee, who found for the plaintiff. The report and findings were excepted to, the exceptions overruled and judgment entered. A motion for a new trial was made and overruled, and the defendant appeals.

The statement in the transcript contains all the evidence offered in the case, viz.: That of two witnesses, the plaintiff in his own behalf, and one witness on the part of the defendant.

The first error occurring at the trial, of which the appellant complains, is that the referee refused to allow proof of the ownership of the ore at the time of the sale. In connection with this objection there are others which may be considered with it, although made as separate objections, viz.: In refusing to allow the defendant to show who were the co-owners with plaintiff in the property sued for, mentioned in the complaint; also, in sustaining the objection of plaintiff to the question of defendant as to whom the plaintiff was manager of the Reed & Benson mine for.

The plaintiff had testified that he was manager of the Reed & Benson mine at the time the ore was sold. On the cross-examination he was asked: "In what capacity were you acting about said mine?" And answered, "I was manager of the same and part owner." He was then asked: "Whom were you manager for?" This was objected to, and the objection sustained.

When the defendant's witness was upon the stand it offered

to show that the parties mentioned in the answer were the owners of and tenants in common of the Reed & Benson mine and of the ore mentioned in the complaint. The plaintiff objected to this and was sustained in the objection.

It needs no argument beyond the mere statement of the propositions themselves to demonstrate the error in sustaining the objections above referred to. There can be no question but what the defendant should have been allowed to show who were the real owners of the ore, and that the plaintiff had no right to recover for its value. This was the issue tendered by the defendant in its answer. By the rulings it was denied the right of sustaining it by evidence.

The testimony sought was all aimed at this one point, that of establishing who were the owners of the ore, and should have been admitted.

When the plaintiff closed his case, the defendant moved for a non-suit, for the reason " that the evidence shows that there is a non-joinder or defect of parties plaintiff, in this that the co-owners of plaintiff in the Reed & Benson mine have not been joined in this suit, and that plaintiff's relation to the property in dispute is that of a manager, and that plaintiff had no legal capacity to sue. The motion was denied, and this is also alleged as error.

The plaintiff had testified that " Reed & Benson mine was owing me. I supposed I owned all the ore. Was developing the mine for the owners, and selling ores for reimbursement. Was acting as manager for Reed & Benson mine. This ore sued for was from Reed & Benson mine. Kept the account in the name of the Reed & Benson mine. My time checks were signed as manager of the Reed & Benson mine." On the cross-examination he stated that he was manager and part owner of the mine. This is all the testimony on the part of the plaintiff as to the ownership of the ore, and from which it plainly appears that he was part owner only; the extent of his interest or the extent of his right to recover, if at all, is nowhere made to appear.

All parties in interest should have been joined. C. L. 1237, 1239.

This defect did not appear upon the face of the complaint, and the defendant took advantage of it by his answer. The testimony of the plaintiff clearly shows that the other owners of the mine had an interest in the subject of the action and should have been joined with him. The motion for a nonsuit should have been granted.

It is also claimed that the referee erred in allowing in evidence the book of entries made by plaintiff, as the same was incompetent, irrelevant and immaterial.

The only evidence in reference to and preceding the offer of the book in evidence was as follows: "Rendered the account to Lounsberry made out against the company at the time of delivery. Charged the same in my book of entries to the defendant." The plaintiff here offered in evidence his book of original entries, wherein the said ore appeared charged against said defendant.

To the same defendant objected, upon the ground that the same was irrelevant, immaterial and incompetent, and that the same could not be received in order to prove a sale from plaintiff to defendant.

The objection was overruled, and the entries made by plaintiff were read in evidence, to which ruling and decision the plaintiff then and there excepted.

The question here was as to the contract of sale, and the book was received in evidence to prove this contract; this was error. To make the book admissible for any purpose it should not only have been shown to have contained the original entry of the party, but also to have been an account of his daily transactions, otherwise the entry will be simply a memorandum made by the party, to which he might refer to refresh his recollection, but ought not to be permitted as evidence to the court or jury in any sense. *Wood* v. *Ambler*, 4 Selden, 170; 1 Phillips on Ev. 311, and cases cited; *Juniata Bank* v. *Brown*, 5 S. & R. 226.

For the errors above mentioned, the order of the court below in refusing a new trial is reversed, the judgment vacated, the report and findings of the referee are set aside and a new trial ordered; the defendant to recover its costs in this court.

